PHILLIP A. TALBERT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-0008 JAM |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| BRANDON ANDERSON-LACY,<br>    aka Brandon Dean Anderson Lacy,<br>    aka Brandon Dean Lacy,<br>    aka Brandon Lacy, | |
| Defendant. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendant BRANDON ANDERSON-LACY in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to various individuals, including personal identifying information such as social security numbers and/or taxpayer identification numbers, addresses, phone numbers, birthdates, and also including their tax and personal financial information;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

1    WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a
2 private agreement is not appropriate in light of the nature of the information at issue and the charges in
3 this case; and

4    WHEREAS, the defendant, BRANDON ANDERSON-LACY, has counsel ("Defense Counsel")
5 who wishes the opportunity to review the discovery;

6    Defendant BRANDON ANDERSON-LACY and plaintiff United States of America, by and
7 through their undersigned counsel of record, hereby agree and stipulate as follows:

8    1.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
9 Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

10   2.    This Order pertains to all discovery provided to or made available to Defense Counsel
11 that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known
12 as "the protected discovery").

13   3.    Defense Counsel shall not disclose any of the protected discovery to any person other
14 than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved
15 in the representation of his client.  At no time shall the defendant be permitted to review the protected
16 discovery outside of the presence of her attorney.  If the defendant is being held in custody, Defense
17 Counsel shall not leave any of the protected discovery with said defendant at the jail or other institution
18 where said defendant is being held.

19   4.    The protected discovery and information therein may only be used in connection with the
20 litigation of this case and for no other purpose.  The protected discovery is now and will forever remain
21 the property of the United States Government.  Defense Counsel will return the discovery to the
22 Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case.

23   5.    Defense Counsel will store the discovery in a secure place and will use reasonable care to
24 ensure that it is not disclosed to third persons in violation of this agreement.

25   6.    If Defense Counsel releases custody of any of the protected discovery, or authorized
26 copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients
27 with copies of this Order and advise each person, including the defendant, that the protected discovery is
28 the property of the United States Government, that the protected discovery and information therein may

only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated:  January 27, 2017                              Respectfully submitted,

                                         PHILLIP A. TALBERT
                                         United States Attorney

By:  /s/  Christopher S. Hales
     CHRISTOPHER S. HALES
     Assistant United States Attorney

By:  /s/  Michael Petrik
     MICHAEL PETRIK
     Assistant Federal Defender
     Counsel for Brandon Anderson-Lacy

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  January 27, 2017

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE