UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>BRANDON ANDERSON-LACY,<br><br>Movant. | No. 2:17-cr-0008-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Brandon Anderson-Lacy ("movant"), proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 66. For the reasons stated hereafter, it plainly appears from the face of the motion that movant is not entitled to relief. Thus, it is recommended that the motion be dismissed.

## Background

Movant was charged with one count of conspiracy to submit false claims pursuant to 18 U.S.C. § 286 and eight counts of making false claims pursuant to 18 U.S.C. § 287. ECF No. 1. Movant accepted a plea agreement and pleaded guilty to the count of conspiring to submit false claims. ECF Nos. 48, 50, & 64. The remaining counts were dismissed as a consequence of the plea deal. ECF Nos. 50, 64, & 65. Movant was sentenced to a 41 month term of imprisonment and a 36 month term of supervised relief. ECF No. 64.

/////

Movant now argues that his counsel rendered ineffective assistance by: (1) failing to object to "various arguments and evidence that were entered into [the] record regarding the amounts [sought] and refunded;" (2) failing to file a motion regarding a "file that shows IP addresses, the wages listed, and amounts sought" which, if presented, would have lowered the number of false claims from 68 to 12; and (3) leading movant to believe "that [he] had to agree to the factual basis [of the government's case against him] when [he] accepted [his] plea . . . ." ECF No. 66 at 3-6.

## Legal Standards

### I. Motions Pursuant to 28 U.S.C. § 2255

Section 2255 permits a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) his conviction is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Id.*

## II. Ineffective Assistance of Counsel Claims

The applicable legal standards for a claim of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) her counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669; *see Richter*, 562 U.S. at 106. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (internal quotation marks and alterations omitted).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A reviewing court "need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

/////

3

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel "must be allowed to decide what issues are to be pressed." *Id.* Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined." *Id. See also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy."). There is, of course, no obligation to raise meritless arguments on a client's behalf. *See Strickland*, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice). Thus, counsel is not deficient for failing to raise a weak issue. *See Miller*, 882 F.2d at 1434.

## Analysis

Each of movant's claims is facially inadequate. First, he claims that his counsel failed to object to "various arguments and evidence that were entered into [the] record regarding the amounts [sought] and refunded." ECF No. 66 at 3. He offers no specifics as to: (1) what arguments (or evidence) were erroneously admitted; (2) what objections his counsel should have raised; or (3) how he was prejudiced by the admission of the foregoing arguments and/or evidence. It is well settled that "'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).

Second, movant argues that his counsel failed to bring to the court's attention a "file that shows IP addresses, the wages listed, and amounts sought" and which would lower the number of false claims "from 68 to no higher than 12." ECF No. 66 at 6. As with the first claim, movant has offered no factual context. It is unclear what the nature of the "file" was or how its contents would purport to lower the number of false claims movant was charged with. And it is far from obvious that the file would, even if it had been offered into evidence at some proceeding by

4

movant's counsel, have meaningfully altered the sentence movant received. After accepting the plea deal, movant faced only the *conspiracy to submit false claims* charge; each of the counts charging false claims were dismissed. ECF No. 50 at 5. Thus, he cannot show prejudice under *Strickland*.

Finally, movant argues that his counsel erroneously told him that, in accepting the plea deal, he was also required to accept the factual basis of the government's case. ECF No. 66 at 6. The plea deal itself specifies that, by agreeing to its terms, movant "agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate." ECF No. 50 at 2. Thus, movant had notice – regardless of what his counsel told him – that he was required to accept the factual basis as laid out in "Exhibit A" to the plea agreement (*id.* at 12). The court notes that movant signed and dated both the agreement and the aforementioned "Exhibit A," indicating that he understood the factual basis which the plea required him to accept. *Id.* at 10, 12. Moreover, movant has failed to state how accepting the factual basis prejudiced him in any way.

## Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 66) be DISMISSED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

/////

5

§ 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 16, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE